UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent<br><br>　　v.<br><br>ADRIAN DAN BRICIU,<br><br>　　　　　Defendant-Movant. | Case No. 1:15-cv-00565-BLW<br>　　　　　1:13-cr-00234-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Adrian Dan Briciu's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) (Crim. Dkt. 38). Having reviewed the Motion and the Government's Response (Civ. Dkt. 4), the Court enters the following Order dismissing the Motion for the reasons set forth below.

## BACKGROUND

On October 9, 2013, Movant was charged with (1) unlawful procurement of citizenship in violation of 18 U.S.C. § 1425(a) (Count 1), and (2) perjury in violation of 18 U.S.C. § 1621 (Count 2). *Indictment*, Crim. Dkt. 1. On September 25, 2014, Movant entered a plea of guilty to Count 1 in return for the Government's agreement to dismiss Count 2. *Min. Entry*, Crim. Dkt. 22; *Amended Plea Agreement*, Crim. Dkt. 25. On

**MEMORANDUM DECISION AND ORDER - 1**

October 15, 2014, this Court accepted the plea. *Order Adopting Report and Recommendation*, Crim. Dkt. 26. On December 4, 2014, the Court sentenced Movant to probation to a term of 3 years. *Min. Entry*, Crim. Dkt. 33; *Judgment*, Crim. Dkt. 34. On February 5, 2015, the Court entered an order revoking Movant's citizenship. *Order*, Crim. Dkt. 36. He did not appeal his conviction or sentence. Finally, on December 3, 2015, Movant, represented by new counsel, filed the pending § 2255 Motion.

In his § 2255 Motion, Movant states that "this case does not seek to set aside or otherwise disturb his conviction" and that he does not "seek to set aside or otherwise disturb the Judgment in this case." Rather, he requests that one statement be stricken from the Amended Plea Agreement: "On that application, the Defendant made material false statements regarding the Defendant's residence history in relation to his U.S. citizen spouse, M.R." *§ 2255 Motion* at 2.

As grounds for the requested relief, Movant alleges (1) that the statement is untrue; and (2) that defense counsel was ineffective for failing to recognize the inaccuracy of the statement and its impact on Movant's hope for citizenship. *Id.* Finally, he states that "This motion will shortly be supplemented with an array of documented support for Defendant's claim that the statement in question is untrue." *Id*. To date, approximately eight months later, that documentation has not been received by the Court.

In its Response, the Government urges dismissal of the § 2255 Motion on the grounds that the supporting documentation has not been filed and that the Court cannot

**MEMORANDUM DECISION AND ORDER - 2**

excise a statement in the Plea Agreement because it is an agreement between the parties and thus Movant has not stated a claim for which relief can be granted.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." In order to proceed on a § 2255 motion, the movant must make "*specific factual allegations* that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citation omitted) (emphasis added).

## DISCUSSION

While the Court agrees that Movant's § 2255 Motion fails to state a cause of action for the reasons cited by the Government, it also finds that it fails to state a cause of action for a more fundamental reason. Movant is not asserting a right to release from custody under either of the grounds asserted in his § 2255 Motion. The Court recognizes

**MEMORANDUM DECISION AND ORDER - 3**

that Movant is serving a term of probation rather than a term of incarceration.  However, terms of probation, parole, or supervised release satisfy the "in custody" requirement in habeas actions because they impose significant restrictions on a defendant's freedom. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002); *United States v. Lopez*, 704 F.2d 1382, 1384 n.2 (5th Cir. 1983);*United States v. Condit*, 621 F.2d 1096, 1092 (10th Cir. 1980).

Several years ago, the Ninth Circuit joined five other circuits in holding that "a defendant seeking relief under 28 U.S.C. § 2255 not only must *be* in custody, he also must *claim the right to be released* from custody."  *United States v. Kramer*, 195 F.3d 1129, 1129 (9th Cir. 1999) (addressing challenge to restitution order) (emphasis in original); *Id.* at 1130 (string citations omitted).  *See also United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (clarifying that the holding in *Kramer* bars claims for relief other than the right to be released from custody even if the § 2255 motion also contains cognizable claims for release from custody).

Here, even in his ineffective assistance of counsel claim, Movant seeks only to have a sentence from his Plea Agreement excised.  Because he is not seeking to be released from custody in the form of his term of probation, Movant fails to state a cause of action, and his § 2255 Motion is subject to dismissal.

**MEMORANDUM DECISION AND ORDER - 4**

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. Adrian Dan Briciu's Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 38) is **DISMISSED**.

2. No certificate of appealability shall issue.  Movant is advised that he may still request a certificate of appealability from the Ninth Circuit Court of

**MEMORANDUM DECISION AND ORDER - 5**

Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. If Movant files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: September 12, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 6**